IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                Criminal Action No. 5:15CR8
                                                                        (STAMP)
DONDIE WILLIAMS,

       Defendant.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE,
OVERRULING THE DEFENDANT'S OBJECTIONS
AND DENYING MOTION TO SUPPRESS**

I.   Procedural History

At issue in this criminal action is the defendant's motion to suppress. ECF No. 21. Previously, the defendant was indicted in a one-count indictment plus forfeiture allegation charging him with possession with intent to distribute cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In his motion to suppress, the defendant seeks to exclude the following: (1) evidence seized from the car he rode in as a passenger, and (2) any statements made during the allegedly unlawful traffic stop. The defendant believes that the officer stopped the vehicle, which was operated by Jennifer Vensel ("Vensel"), for pretextual reasons that lacked probable cause. The government then filed a response in opposition. ECF No. 24. The government argues that a reasonable suspicion of criminal activity justified the traffic stop because

the defendant violated his bond condition from a separate state action. Further, the government contends that the vehicle's illegally tinted windows provided sufficient probable cause to conduct a traffic stop.

United States Magistrate Judge James E. Seibert then conducted an evidentiary hearing on the motion to suppress. ECF No. 28. Following that hearing, he entered a report and recommendation, wherein he recommends that the defendant's motion to suppress be denied. ECF No. 29. In that report and recommendation, the magistrate judge first found that probable cause existed for the officers to stop Vensel's vehicle because her vehicle appeared to have illegally tinted windows. Although the officers did not cite Vensel for having such windows, the magistrate judge still found that the officers observed a traffic violation based on such windows. Further, under the collective knowledge doctrine, the acting officer was permitted to stop Vensel's vehicle because he was instructed to do so by an instructing officer. The instructing officer had knowledge of the defendant's bond violation, and therefore the acting officer was allowed to stop Vensel's vehicle because a reasonable suspicion of criminal activity existed. For those reasons, the magistrate judge recommended that the defendant's motion to suppress should be denied.

The defendant timely filed objections. ECF No. 32. In his objections, the defendant first points out that the officers did

not formally measure the amount of tint on the windows.  Next, the defendant contends that if the officers believed that the defendant violated his bond conditions prior to the traffic stop, then they should have arrested the defendant earlier.  It should be noted that in the report and recommendation, it provides that the instructing officer refrained from arresting the defendant because he was wearing civilian clothing.  He believed that because of the defendant's alleged history of violence, the defendant would more cooperatively respond to a uniformed officer.  Also, both officers testified at an evidentiary hearing that based on their experience, the windows appeared to be illegally tinted so as to warrant a traffic stop.  Nonetheless, the defendant believes that the officers' credibility appears doubtful, and thus this Court should sustain his objections and grant his motion to suppress.

## II.  Facts

On November 6, 2014, Trooper Luther R. White conducted a surveillance operation involving the defendant.  While dressed in civilian clothing and driving an unmarked police vehicle, Trooper White witnessed Vensel and the defendant together in Vensel's vehicle.  Vensel operated the vehicle while the defendant was a passenger.  Under the defendant's bond conditions in a separate state action, the defendant was prohibited from contacting Vensel.  Trooper White then followed the defendant and Vensel as they drove to the defendant's residence.  Upon arrival, the defendant entered

his residence and later exited with a black backpack. Trooper White contacted Corporal Eric McFarland, who would later initiate the traffic stop. In addition to the potential violation by the defendant of his bond condition, the vehicle also appeared to have illegally tinted windows. Based on the illegally tinted windows and violation of bond conditions, Corporal McFarland pulled over Vensel's vehicle. As a result of the traffic stop, the following items were recovered: approximately $1566.00 in United States currency, digital scales, sandwich bags, and 440 grams of cocaine. For the reasons set forth below, the defendant's motion to suppress must be denied and the objections of the defendant are overruled.

### III. Applicable Law

Under the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B), a magistrate judge may be designated by a district court to consider motions to suppress evidence and statements as unconstitutionally obtained. After the magistrate judge has considered such a motion, he must submit '"proposed findings of fact and recommendations for the disposition.'" Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Parties are entitled to file written objections to the findings and recommendations of the magistrate judge, and if a party chooses to object within the 14-day period allotted by the Act, the district court shall make a de novo review of the findings and recommendations objected to. Id. and 28 U.S.C. § 636(b)(1)(C). Any findings to which no party

objects are upheld by the district court unless "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(C).

## IV.  Discussion

The Fourth Amendment of the United States Constitution states the following:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

In essence, "the underlying command of the Fourth Amendment is always that searches and seizures be reasonable."  Wilson v. Arkansas, 514 U.S. 927, 931 (1995); United States v. Digiovanni, 650 F.3d 498 (4th Cir. 2011).  The protections under the Fourth Amendment "extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest."  United States v. Arvizu, 534 U.S. 266, 273 (2002) (citing United States v. Cortez, 449 U.S. 411, 417 (1981); Terry v. Ohio, 392 U.S. 1, 9 (1968)).  The Fourth Amendment does, however, permit officers to make an investigative detention or stop, but only if "supported 'by a reasonable and articulable suspicion that the person seized is engaged in criminal activity.'"  United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011) (quoting Reid v. Georgia, 448 U.S. 438, 440 (1980)).  In order to justify an investigative detention or stop, an officer must "'be able to point to specific and

articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" Foster, 634 F.3d at 246 (quoting Terry, 392 U.S. at 21). In determining whether a reasonable suspicion justified the detention or stop, a court must examine the totality of the circumstances. Arvizu, 534 U.S. at 273-74. In addition to the "criminal activity" context, an automobile stop may be permissible so long as it is reasonable under the circumstances. Whren v. United States, 517 U.S. 806, 810 (1996). The term "reasonable" in the traffic stop context means "the police have probable cause to believe that a traffic violation has occurred." Id. Furthermore, "[a]ny ulterior motive a police officer may have for making the traffic stop is irrelevant." Digiovanni, 650 F.3d at 506 (Whren, 517 U.S. at 810).

Whether a traffic stop is based on a reasonable suspicion of criminal activity, or probable cause of a traffic violation, the propriety of the traffic stop is analyzed under the standard set forth in Terry. Digiovanni, 650 F.3d at 506. That standard requires a two-prong inquiry, which is "'whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'" United States v. Rusher, 966 F.2d 868 (4th Cir. 1992) (quoting Terry, 392 U.S. at 20).

Before analyzing the defendant's motion to suppress, it should be noted that the defendant appears to only object to the finding

about whether probable cause existed to pull over the vehicle for having illegally tinted windows. Therefore, that finding will be reviewed de novo. As to the finding about whether a reasonable suspicion of criminal activity existed based on the defendant's violation of his bond condition, the defendant does not appear to object to that finding. Thus, that finding will be reviewed for clear error.

Regarding the finding about the defendant's violation of his bond condition, this Court finds no clear error in the magistrate judge's finding. The record shows that as a condition of the defendant's bond in a separate state action, he was prohibited from contacting Vensel. ECF No. 24 Ex. A. As stated under those conditions, "the defendant understands and agrees . . to have no direct or indirect physical or verbal contact with Jennifer Vensel in this matter." Id. The facts show that Trooper White saw Vensel and the defendant together throughout the evening. That clearly violated the defendant's bond condition, and Trooper White had knowledge of the defendant's bond condition. Thus, the defendant's violation of his bond condition created a reasonable suspicion of criminal activity. Although Corporal McFarland, rather than Trooper White, conducted the traffic stop, Corporal McFarland was justified in doing so under the collective-knowledge doctrine. That doctrine provides that "when an officer acts on an instruction from another officer, the act is justified if the instructing

7

officer had sufficient information to justify taking such action herself; in this very limited sense, the instructing officer's knowledge is imputed to the acting officer." United States v. Massenburg, 654 F.3d 480, 492 (4th Cir. 2011). Therefore, because Trooper White had a reasonable suspicion to pull over Vensel's vehicle, so did Corporal McFarland under the instruction of Trooper White. Thus, under the first prong of analysis under Terry, Corporal McFarland's "action was justified at its inception." 392 U.S. at 20. Further, the scope of the traffic stop was reasonably related to the circumstances. Here, one such circumstance was that the defendant clearly violated his bond condition. Based on the above law and the record, this Court finds that the magistrate judge's findings on the above issue were not clearly erroneous.

As to whether probable cause existed because of the illegally tinted windows, this Court affirms the magistrate judge's finding. West Virginia Code § 17C-15-36a(c) requires vehicle windows to have a "light transmission of not less than thirty-five percent." Further, "whether probable cause exists is 'viewed from the standpoint of an objectively reasonable police officer[.]'" United States v. Weaver, 145 F. App'x 639, 642 (11th Cir. 2005) (quoting United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003)). Phrased another way, "[i]f a police officer has probable cause to believe a violation of law has occurred, it is reasonable for him to make a traffic stop." Weaver, 145 F. App'x at 641

(citing Whren, 517 U.S. at 810). Here, Trooper White and Corporal McFarland had probable cause to believe that Vensel's vehicle had illegally tinted windows, which is in violation of West Virginia law. The record further shows that at the evidentiary hearing, Trooper White and Corporal McFarland noted their experience in pulling over vehicles for having illegally tinted windows. They also stated their belief that the windows of Vensel's vehicle appeared to be illegally tinted. The defendant asserts in his objections, however, that Corporal McFarland neither cited Vensel for having illegally tinted windows nor measured the amount of tint on the windows. Although Corporal McFarland did not formally cite Vensel for her illegally tinted windows, "the fact that [the defendant or Vensel] was not ultimately charged with illegal window tint . . . does not conclusively indicate that the officer did not observe probable violations of those types." United States v. Williams, 336 F. App'x 376, 378 (4th Cir. 2009). Therefore, the lack of a charge against Vensel for having illegally tinted windows does not mean that probable cause was absent. After analyzing the record, Trooper White and Corporal McFarland were justified at the inception of the traffic stop to pull over Vensel's vehicle because of her illegally tinted windows. Further, that traffic stop was "reasonably related in scope to the circumstances," namely that Vensel appeared to violate West Virginia law regarding her vehicle, and that the defendant violated his bond condition. Rusher, 966

F.2d at 868 (quoting Terry, 392 U.S. at 20). Even if probable cause did not exist regarding the illegally tinted windows, reasonable suspicion existed because the defendant violated his bond condition. Therefore, the traffic stop at issue was both justified and reasonable. Thus, the magistrate judge's report and recommendation is adopted, and the defendant's motion to suppress must be denied.

V. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 29) is AFFIRMED AND ADOPTED. Accordingly, the defendant's motion to suppress (ECF No. 21) is DENIED and his objections (ECF No. 32) are OVERRULED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   May 21, 2015

> /s/ Frederick P. Stamp, Jr.
> FREDERICK P. STAMP, JR.
> UNITED STATES DISTRICT JUDGE