IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                     Criminal Action No. 5:15CR8
                                                  (STAMP)

DONDIE WILLIAMS,

       Defendant.

**MEMORANDUM OPINION AND ORDER AFFIRMING THE**
**MAGISTRATE JUDGE'S DETENTION ORDER AND**
**OVERRULING THE DEFENDANT'S OBJECTIONS**

I. Background

On February 4, 2015, the defendant in the above-styled criminal matter was indicted by the grand jury for possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The defendant later filed a motion for a hearing on detention. ECF No. 49. A detention hearing was held on December 22, 2015, before United States Magistrate Judge James E. Seibert. After the hearing, Magistrate Judge Seibert entered an order granting the motion to detain the defendant pending trial. Magistrate Judge Seibert found that there were no "combination of conditions which will reasonably assure Defendant's appearance and safety in the community." ECF No. 52.

The defendant then filed objections to the magistrate judge's order granting the motion to detain pending trial. ECF No. 53. This Court then directed the government to file a response to the defendant's objections. ECF No. 56. The government filed a response. ECF No. 58. After careful review of the pleadings and

the record, this Court finds that the magistrate judge's detention order is AFFIRMED and the defendant's objections to the magistrate judge's detention order are OVERRULED.

## II. Applicable Law

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." In construing that statute, the United States Court of Appeals for the Fourth Circuit noted in United States v. Clark, 865 F.2d 1433 (4th Cir. 1989), that "[a] defendant ordered detained by a magistrate may seek de novo review in the district court." Id. at 1436 (citing United States v. Williams, 453 F.2d 329, 333 (4th Cir. 1985)).

## III. Discussion

Title 18, United States Code, Section 3142(e)(3) states that "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]" This Court finds that a rebuttable presumption, as set forth in § 3142(e)(3), does arise in this case. The grand jury found that there was probable cause that the defendant committed offenses in violation of the Controlled Substances Act. That means

a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  Notwithstanding that presumption, this Court must consider available information under the factors set forth in 18 U.S.C. § 3142(g).

In determining whether the presumption is rebutted, this Court considers the factors set forth in 18 U.S.C. § 3142(g), and finds that there are no conditions or combination of conditions that this Court could establish that would reasonably assure the safety of other persons and the community.  Subsection (g) of 18 U.S.C. § 3142 specifies four factors to be taken into account "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community."  These factors include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

When considering the nature and circumstances of the offense charged, the court must also determine "whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device."  18 U.S.C. § 3142(g)(1).  The defendant does not dispute that the offense

charged is a crime involving a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The charge contained in the indictment indicate conduct that is clearly regarded as dangerous and destructive to communities. Thus, the nature and circumstances of the offense charged weigh against the defendant's pretrial release.

This Court also finds that the weight of evidence against the defendant in this case is substantial. The government and defendant agreed to incorporate the testimony from a prior suppression hearing into the detention hearing. At the suppression hearing, the United States offered evidence that the defendant: (1) had a history of domestic violence; (2) had a domestic no-contact order as a term of his bond for a separate offense; and (3) was in violation of that domestic no-contact order at the time of arrest. Further, at the hearing for detention, the United States offered evidence that the defendant had: (1) additional amounts of cocaine base and marijuana in his residence; and (2) Ultramax .45-caliber ammunition. Recognizing that at least one Court of Appeals has noted that the weight of evidence against the person is the least important of the four factors to be considered in the determination of whether a defendant may be released pending trial, this Court nevertheless finds that the evidence presented at the defendant's detention hearing supports the magistrate judge's finding that the defendant is a danger to the community and a flight risk. See United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985).

This Court agrees with the magistrate judge that the history and characteristics of the defendant, particularly the danger presented by the defendant's past acts of domestic violence, other crimes, and drug possession weigh in favor of pretrial detention. The defendant submits that if he was released from detention, he would live with a woman in Martins Ferry, Ohio. However, this Court is not convinced that the condition proposed by the defendant would be sufficient and believes that other conditions would not be sufficient to eliminate these dangers. The record shows that at the detention hearing, the defendant did not state his relationship to the woman, provide background information about her, or discuss how living with her would prevent the defendant from engaging in illicit activities.

Moreover, the defendant's criminal history is cause for concern that if released, he would pose a serious danger to other persons or the community. Therefore, based on the record before it, this Court finds that the defendant has failed to rebut the presumption that no combination of conditions exists that it could impose which would guarantee that the defendant would not pose a danger to any person or to the community if he were released.

## IV. Conclusion

After consideration of all four factors presented in 18 U.S.C. § 3142, this Court, upon de novo review, AFFIRMS the detention order and OVERRULES the defendant's objections to the detention order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:    January 13, 2016

                                              /s/ Frederick P. Stamp, Jr.
                                              FREDERICK P. STAMP, JR.
                                              UNITED STATES DISTRICT JUDGE