IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal Action No. 5:15CR8
                                                                (STAMP)
DONDIE WILLIAMS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE RULE 404(B) EVIDENCE**

I. Background

Pending before this Court is the defendant's motion in limine to exclude the use of evidence under Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"). ECF No. 57. Previously, the defendant in the above-styled criminal matter was indicted by the grand jury for possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). In the motion at issue, the defendant seeks to exclude the government's use of his past conviction. In particular, the defendant was convicted for conspiracy to distribute cocaine base in 2000 ("the 2000 conviction"). See ECF No. 55 Ex. 1. The government, pursuant to its Rule 404(b) notice, seeks to offer evidence of the 2000 conviction at trial.

The government believes that "evidence regarding defendant's past trafficking in drugs is admissible since it shows defendant's knowledge of the drug trade and is relevant to establish

defendant's intent to possess with intent to distribute as well as the distribution of drugs as allowed in the Indictment." ECF No. 55. In response, the defendant first argues that the conviction, which is approximately fifteen years old, "has no bearing in the case." ECF No. 57. The defendant points out that his 2000 conviction was for **conspiracy** to possess with intent to distribute crack cocaine. In this criminal action, however, he is charged with possession with intent to distribute cocaine base a/k/a "crack cocaine." Because the "previous conviction for which [the defendant] entered a guilty plea involved the agreement with another person, not the actual possession of narcotics" as is the case here, defendant asserts that the Rule 404(b) evidence should be excluded. The defendant then contends that knowledge about the drug trade is neither an offense nor probative about whether the defendant committed the crime at issue. The defendant then addresses the requirements under United States v. Johnson, 617 F.3d 286, 296-97 (4th Cir. 2010), and United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988), and argues that the prior conviction satisfies none of the requirements. The government filed a response to the defendant's objections, wherein it asserts that all four factors under Rawle have been satisfied.

II. Applicable Law

Rule 404(b) states the following:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character

> in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1-2). The United States Court of Appeals for the Fourth Circuit has held that "'Rule 404(b) is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves only criminal disposition.'" United States v. Hernandez, 975 F.2d 1035, 1038 (4th Cir. 1992) (quoting United States v. Watford, 894 F.2d 665, 671 (4th Cir. 1990)). "Whether to admit evidence under Rule 404(b) is within the discretion of the district court[.]" Watford, 894 F.2d at 671 (citing United States v. Ramey, 791 F.2d 317, 323 (4th Cir. 1986)).

The Supreme Court of the United States noted in Michelson v. United States, 335 U.S. 469, 475-6 (1948), that "[t]he overriding policy of excluding such evidence, despite the admitted probative value, is a practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." Further, the Supreme Court has expressed its concern about the possibility of undue prejudice that could result from obstruction of evidence under Rule 404(b). Huddleston v. United States, 485 U.S. 681, 691-2 (1988).

Under Rule 404(b), the Fourth Circuit has held that prior bad acts are admissible if they are "(1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988) (citing United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986)). "Even if the evidence is admissible under Rule 404(b), its probative value must be weighed against the danger of undue prejudice aroused by the evidence." Rawle, 845 F.2d at 1247 (citing United States v. King, 768 F.2d 586, 588 (4th Cir. 1985)).

## III. Discussion

The facts show that the defendant's prior conviction under Rule 404(b) does not satisfy the requirements set forth under United States v. Rawle. Under the doctrine set forth in Rawle, this Court must consider what, if any, relevance the 2000 conviction bears to the issue to which it is offered. "In order for evidence to be relevant, it must be sufficiently related to the charged offense." Id. at 1247 n.3. As recently stated in United States v. Johnson, the "fact that a defendant may have been involved in drug activity in the past does not in and of itself provide a sufficient nexus to the charged conduct where the prior activity is not related in time, manner, place, or pattern of conduct." 617 F.3d 286, 297 (4th Cir. 2010). In this case, the defendant's 2000 conviction, which was **conspiracy** to possess with the intent to distribute cocaine, and the currently charged

4

offense, **possession** with intent to distribute cocaine base, are not sufficiently related. The defendant's 2000 conviction involved a conspiracy to distribute cocaine. It is not as if the specific, actual acts associated with the defendant's 2000 conviction are directly implicated or involved in the alleged crime at issue. See, e.g., United States v. Mark, 943 F.2d 444 (4th Cir. 1991). Further, the 2000 conviction occurred approximately 15 years ago. That is significant, because past convictions or bad acts that occurred much closer in time to pending charges have been found to be too remote. See, e.g., Johnson, 617 F.3d at 298 (emphasizing that a past drug sale that occurred five years before the acts related to the pending charges was "remote in time"); see Hernandez, 975 F.2d at 1039 ("Evidence to show intent is not admissible when the unrelated bad act is tenuous and remote in time from the charges in the indictment.") (internal citations and quotations omitted). The defendant's past conviction is too remote in terms of both relation and occurrence to be considered relevant under Rawle.

Necessity is the second requirement under Rawle. Necessity in the Rawle context means that "the evidence is necessary and admissible where it is an essential part of the crimes on trial . . . or where it furnishes part of the context of the crime. Rawle, 845 F.2d at 1247 n.4 (internal citations and quotations omitted). Of particular emphasis is the connection between the

5

past offense and currently charged one, such as whether "the events occurred at different times, at different places, and involved completely different motives, so there [are] no gaps in the government's case without the evidence." United States v. Lightly, 616 F.3d 321, 354 (4th Cir. 2010). In this case, the 2000 conviction is not essential to proving the defendant's currently alleged crime. It has not been shown that the defendant's 2000 conviction has any connection to his currently charged crime. There is no indication that the defendant's 2000 conviction is "essential" in seeking to convict the defendant. As the defendant correctly points out, the government does not state specifically in its notice why the past conviction is necessary. Rather, the government appears to rely on the general connection of drugs being involved in both the 2000 conviction and the current offense. That reliance, however, is slightly misplaced. Without satisfying the necessity requirement, the 2000 conviction cannot be admitted under Rawle.

Although the past conviction is reliable,[1] and even assuming the past conviction is relevant and necessary, the danger of undue prejudice substantially outweighs any probative value. The Fourth Circuit has stated that "it is well settled that evidence [of the

---

[1] The government attaches copies of the defendant's indictment, plea agreement, and criminal judgment of the past conviction to its request. See ECF No. 55 Ex. 1. Further, the parties do not raise concerns as to the reliability requirement.

6

commission of similar offenses] is not admissible where it has no relevance or probative value except in so far as it may show a tendency or likelihood on the part of the accused to commit the crime." Lovely v. United States, 169 F.2d 386, 388-89 (4th Cir. 1948). Moreover, as mentioned earlier, "[t]he district court's decision to admit evidence pursuant to Rule 404(b) is within its discretion and such decision will not be disturbed unless it was arbitrary or irrational." Rawle, 845 F.2d at 1247. Here, this Court finds that the 2000 conviction's probative value is substantially outweighed by the danger of undue prejudice. Evidence of the 2000 conviction lacks sufficient relevance, if any, and may unduly prejudice the defendant at trial. Based on the discretion possessed by this Court, the defendant's motion in limine to exclude the use of the defendant's 2000 conviction is GRANTED.

## IV. Conclusion

For the reasons set forth above, the defendant's motion in limine (ECF No. 57) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED:    February 2, 2016

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE